## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          v.<br><br>JAMES NORRIS,<br><br>          Defendant. | Criminal Action No. 22-cr-35 (TSC) |

## <u>OPINION AND ORDER</u>

In 2022, Defendant James Norris pleaded guilty to Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 USC § 922(g)(1).  Presentence Investigation Report, at 4, ECF No. 19.  He was sentenced to 18 months of incarceration, followed by a 36-month period of supervised release.  Judgment, at 2, 4, ECF No. 21.  He began his supervision on August 15, 2023, which is set to expire on August 15, 2026.  Gov't's Opp. ¶ 2, ECF No. 25.  As a condition of his supervised release, Norris is subject to in-person reporting requirements every 60 days.  *Id.* ¶ 4.  To date, he has served 26 months of his supervised release sentence.  *Id.*

On May 13, 2025, Norris moved for early termination under 18 U.S.C. § 3583(e)(1). Def.'s Mot. to Terminate, at 1, ECF No. 24.  He represents that his job requires 11-hour shifts, six days a week, and he fears that taking time off work to report in-person every 60 days might jeopardize his employment.  *Id.*  While acknowledging that Norris remains in compliance with the terms of his supervision and has found stable employment, the Government opposes the motion.  Gov't's Opp. ¶ 5.  The Government notes that Norris's probation officer "expressed an

interest in . . . working with him around his work schedule and meeting with him in the community, as opposed to requiring him to report at USPO's offices." *Id.*

The court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release," 18 U.S.C. § 3583(e)(1), "after considering the factors set forth in section [3553(a)]," *id.* § 3583(e), and if the court believes that terminating the defendant's supervised release "is warranted by the conduct of the defendant released and the interest of justice," *id.* § 3583(e)(1). It is undisputed that Norris has been on supervision for more than one year. In determining whether early termination is "warranted," the court considers the sentencing factors under 18 U.S.C. § 3553(a). *See United States v. Mathis-Gardner*, 783 F.3d 1286, 1288 (D.C. Cir. 2015); *United States v. Harris*, 258 F. Supp. 3d 137, 144 (D.D.C. 2017) (clarifying the most relevant § 3553(a) factors in considering early termination of supervised release). Although the decision to grant or deny a motion for early termination is committed to the district court's discretion, the court's rationale must be discernable from the record. *See Mathis-Gardner*, 783 F.3d at 1289–90.

Here, it is clear from the face of Norris's record that early termination of supervised release is warranted by his "conduct" while on supervision and the "interest of justice." 18 U.S.C. § 3583(e)(1). Norris's conduct during his years on probation displays an impressive degree of rehabilitation and continued diligence in improving his life and prospects. He has not only fully complied with his conditions of release but also obtained gainful full-time employment—he reports that he works 11-hour shifts, six days a week. Def.'s Mot. to Terminate, at 1; Gov't's Opp. ¶ 5.

In sum, Norris's "compliance with all of the terms of his supervised release, in combination with his . . . gainful and successful full-time employment . . . and his continuing diligence in

working to improve his life and prospects, amply demonstrate that his conduct on supervised release and successful reintegration into his community has been exemplary." *Harris*, 258 F. Supp. 3d at 150. It is also notable that Norris has already served over 70 percent of his supervised release term without any breach in compliance. Given these circumstances, "continuing the defendant's probation would have no real value as far as law enforcement or any other community interest is concerned." *Id.* (quoting *United States v. Etheridge*, 999 F. Supp. 2d 192, 199 (D.D.C. 2013)).

By contrast, several § 3553(a) factors counsel in favor of granting early termination. *See Etheridge*, 999 F. Supp. 2d at 199. Norris has sufficiently demonstrated that he is no longer a threat to the public and that supervision is no longer needed to afford adequate deterrence. *See* 18 U.S.C. § 3553(a)(2)(B), (C). The Government does not argue he would benefit from further correctional treatment, vocational training, or medical care. *See id.* § 3553(a)(2)(D). There is no need to provide restitution to any victims. *See id.* § 3553(a)(7); Statement of Reasons, at 4, ECF No. 22.

For the foregoing reasons, Defendant's Motion for Early Termination of Supervised Release, ECF No. 24, is hereby GRANTED.

Date: October 23, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge